IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**ALEX ROJAS** and
**JONATHAN BURGOS,** individually,
and on behalf of all other employees of Defendants
similarly situated,

      Plaintiffs,

vs.

**DOLPHIN TOWING & RECOVERY, INC.,**
a Florida corporation, and **ROBERTO NODARSE,
JR**., and **XAVIER NODARSE,** individually,

      Defendants.
_____/

**COMPLAINT FOR VIOLATION OF
THE FAIR LABOR STANDARDS ACT**

COME NOW Plaintiffs ALEX ROJAS and JONATHAN BURGOS ("Plaintiffs"), by and through their undersigned counsel, and file this Complaint for Violation of the Fair Labor Standards Act against Defendants DOLPHIN TOWING & RECOVERY, INC., ("DOLPHIN TOWING"), a Florida corporation, and ROBERTO NODARSE, JR., ("ROBERTO NODARSE"), individually and XAVIER NODARSE ("XAVIER NODARSE"), individually and allege as follows:

GENERAL ALLEGATIONS

1. Plaintiffs, who were employed by DOLPHIN TOWING from July 23, 2016 through September 29, 2021 (with Plaintiff Burgos having been employed from July 23, 2016 to July 23, 2021, and Plaintiff Rojas having been employed from September 29, 2018 to September 29, 2021), bring this action against DOLPHIN TOWING, ROBERTO NODARSE and XAVIER NODARSE on behalf of themselves and others similarly

1

situated, to redress the deprivation of rights secured to Plaintiffs and others similarly situated by the minimum wage and overtime hour provisions and to recover unpaid minimum wages and overtime compensation, liquidated damages, attorney's fees and costs pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201(b), et seq. (hereinafter the "FLSA") and the Florida Minimum Wage Act, Fla. Stat. §448.110 et seq. (hereinafter the "FMWA").

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b) and by the provisions of 28 U.S.C. §1337 relating to "any civil action or proceeding arising under an act of Congress regulating commerce."

3. Venue is proper with this Court because the acts and omissions set forth herein occurred within the territorial jurisdiction and district of this Court.

4. At all times material hereto, the Plaintiffs were residents of the County of Miami-Dade, Florida.

5. At all times material hereto, DOLPHIN TOWING was a company doing business in Florida with its business address at 1940 N.E. 153 Street, North Miami Beach, Florida 33162 in Miami-Dade County, Florida, within the jurisdiction and district of this Court, and operates a vehicle recovery tow yard in Miami-Dade County, Florida, within the jurisdiction and district of this Court.

6. During the time period from approximately July 23, 2016 through September 29, 2021, DOLPHIN TOWING employed Plaintiffs and others similarly situated as "at-will", nonexempt, employees as Tow Truck Drivers and yard workers from time to time at DOLPHIN TOWING in Miami-Dade County, Florida.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

7. Plaintiffs are informed and believe that at all times material hereto, Defendants ROBERTO NODARSE and XAVIER NODARSE were residents of the County of Miami-Dade, State of Florida.

8. At all times material hereto, Defendants ROBERTO NODARSE and XAVIER NODARSE were officers and/or an administrators or managers of DOLPHIN TOWING and a direct or indirect supervisor and employer of Plaintiffs and others similarly situated within the meaning of 29 U.S.C. §203(d) in that Defendants ROBERTO NODARSE and XAVIER NODARSE acted directly in the interest of DOLPHIN TOWING in relation to its employees, including Plaintiffs and other employees of DOLPHIN TOWING similarly situated.

9. Plaintiffs are informed and believe and hereby allege that during the relevant time periods material hereto, DOLPHIN TOWING's gross annual revenues were in excess of $500,000.00. See Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal).

10. At all times material hereto, DOLPHIN TOWING was engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(j), 203(r), 203(s) 206(a) and 207(a). Specifically, at all times material hereto, DOLPHIN TOWING operated a vehicle recovery tow yard which used goods that were transported in interstate commerce.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

In fact, Plaintiffs are informed and believe that a majority of the goods used by DOLPHIN TOWING in its business were produced outside of the State of Florida.

11. By reason of the foregoing, DOLPHIN TOWING was all times hereafter mentioned engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

12. At all times material hereto, Plaintiffs and others similarly situated in performing their job duties, were engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(o), 203(r), 203(s), 206(a) and 207(a). The work performed by Plaintiffs and others similarly situated was directly essential to the business of DOLPHIN TOWING, i.e., working as tow truck drivers and yard workers for DOLPHIN TOWING, which was directly essential to the business operated by DOLPHIN TOWING. Furthermore, Plaintiffs were engaged in handing goods in commerce because Plaintiffs and the other at-will employees employed by DOLPHIN TOWING regularly and recurrently handled goods produced outside of the State of Florida. See 29 C.F.R. §779.114.

13. At all times material hereto, Plaintiffs and others similarly situated did not have a clear understanding as to how they were to be compensated with respect to their work.

COUNT I
VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE
<u>FAIR LABOR STANDARDS ACT BY DEFENDANTS</u>

14. Plaintiffs reallege and reaffirm Paragraphs 1 through 13 as if fully set out in this Count I.

4

15. During the period of time from approximately July 23, 2016 through September 29, 2021, Plaintiffs worked as Tow Truck Drivers and yard workers for DOLPHIN TOWING as aforementioned.

16. Plaintiff ALEX ROJAS's work schedule was from 7:00 a.m. to 7:00 p.m. every day, five (5) days per week.  Plaintiff JONATHAN BURGOS's work schedule was from 7:00 p.m. to 7:00 a.m. every day, five (5) days per week and sometimes on Saturday and Sunday.  As such, during the mentioned period of time, Plaintiffs worked as much as seventy-two (72) hours per week for the Defendants but were only paid a salary of approximately $800.00 per week, with Plaintiff JONATHAN BURGOS being paid as little as $200.00 per week, which means that they were not paid as required by law.

17. As such, Plaintiffs are owed minimum wages, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq.

18. Defendants knew or should have known that Plaintiffs and others similarly situated suffered or were permitted to work for DOLPHIN TOWING as defined in 29 U.S.C. §203(g) as aforementioned.

19. Other employees of Defendants similarly situated to Plaintiffs were subjected to the same practices as Plaintiffs and worked similar hours and were not compensated as required by the FLSA.

20. Defendants failed and/or refused to compensate Plaintiffs and others similarly situated for such work at the federally mandated minimum wages, contrary to the provisions of 29 U.S.C. §207(a).

21. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully

5

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

22. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiffs and others similarly situated.

## COUNT II
## VIOLATION OF FLORIDA MINIMUM WAGE LAWS UNDER FLORIDA STATUTES §448.110

23. Plaintiff BURGOS realleges and reaffirms Paragraphs 1 through 13 as if fully set out in this Count II.

24. At all relevant times, Defendants DOLPHIN TOWING, ROBERTO NODARSE and XAVIER NODARSE have been and continue to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110 and Fla. Const. Art. X, § 24.

25. At all relevant times, Defendants DOLPHIN TOWING, ROBERTO NODARSE and XAVIER NODARSE employed Plaintiff BURGOS within the meaning of the Florida Minimum Wage Act.

26. Plaintiff BURGOS bring this action as a former hourly employee of Defendants DOLPHIN TOWING, ROBERTO NODARSE and XAVIER NODARSE who willfully refused to pay a minimum wage during Plaintiff's employment. Plaintiff BURGOS was not paid the required minimum wage under the FMWA during his employment with Defendants DOLPHIN TOWING, ROBERTO NODARSE and XAVIER NODARSE, being paid as little as $200.00 for more than sixty (60) hours of work during a week.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

27. Defendants willfully violated the FMWA by failing to compensate Plaintiff BURGOS at the applicable state minimum wage for all hours worked.

28. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29. Due to Defendants' illegal wage practices, Plaintiff BURGOS is entitled to recover from Defendants, compensation for unpaid wages, an additional amount as liquidated damages, and reasonable attorney's fees and costs of this action under Fla. Stat. § 448.110.

30. On November 2, 2021, Plaintiff BURGOS, through counsel, sent a presuit notice to Defendants via U.S. Certified Mail as required by §448.110 et seq. of the Florida Statutes, and such notices were received by Defendants on November 5, 2021, but Defendants have failed and refused to respond to such notices.

31. Defendants owe Plaintiff BURGOS approximately $34,840.00 (40 hours/week x $8.35 (avg. min. wage) x 52 weeks x 5 years, less amounts paid of approx. $5,200.00 in minimum wages) for the period of time from July 23, 2016 to July 23, 2021.

COUNT III
VIOLATION OF THE OVERTIME PAY PROVISIONS OF THE
FAIR LABOR STANDARDS ACT BY DEFENDANTS

32. Plaintiffs reallege and reaffirm Paragraphs 1 through 13 as if fully set out in this Count III.

33. During the period of time from approximately July 23, 2016 through September 29, 2021, Plaintiffs worked as Tow Truck Drivers and yard workers for DOLPHIN TOWING as aforementioned.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

34. Plaintiff ALEX ROJAS's work schedule was from 7:00 a.m. to 7:00 p.m. every day, five (5) days per week. Plaintiff JONATHAN BURGOS's work schedule was from 7:00 p.m. to 7:00 a.m. every day, six (6) days per week. As such, during the mentioned period of time, Plaintiffs worked as much as seventy-two (72) hours per week for the Defendants but were only paid a salary of approximately $800.00 per week, with Plaintiff BURGOS being paid as little as $200.00 in some weeks, which means that they were not paid for the overtime hours that they worked.

35. As such, Plaintiffs are owed overtime wages, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq.

36. Defendants knew or should have known that Plaintiffs and others similarly situated suffered or were permitted to work for DOLPHIN TOWING as defined in 29 U.S.C. §203(g).

38. Other employees of Defendants similarly situated to Plaintiffs were subjected to the same practices as Plaintiffs and worked similar hours and were not compensated as required by the FLSA.

39. Defendants failed and/or refused to compensate Plaintiffs and others similarly situated for such work at the federally mandated overtime wages, contrary to the provisions of 29 U.S.C. §207(a).

40. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 • Tel: 305.824.2400 • Fax: 305.468.6321

41. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiffs and others similarly situated.

## PRESUIT DEMAND

42. On November 2, 2021, Plaintiffs, through undersigned counsel, sent (via Certified Mail) a written demand to Defendants, as owners, managers and administrators of DOLPHIN TOWING, pursuant to Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986); Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983); Perez v. Palermo Seafood, Inc., 548 F.Supp.2d 1340, 1346 (S.D. Fla., 2008) demanding that the Defendants pay the amounts owed to the Plaintiffs. Defendants, however, failed and refused to pay the amounts owed to Plaintiffs.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

43. Plaintiffs, by and through their undersigned counsel, hereby demand a jury trial of all issues so triable.

WHEREFORE, Plaintiffs respectfully request that a judgment be entered in their favor against Defendants as follows:

(a) Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA and/or the FMWA;

(b) Permanently enjoin the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA;

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

(c) Awarding Plaintiffs compensation for all hours that they worked for Defendants, but for which they were not compensated at the statutory federally mandated overtime wages;

(d) Awarding Plaintiffs liquidated damages;

(e) Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 19th day of December 2021.

LAW OFFICES OF
SANTIAGO J. PADILLA, P.A.

By:   s/Santiago J. Padilla
Santiago J. Padilla, Esq.
Florida Bar No.:  037478
Attorney for Plaintiffs

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800
Miami, Florida 33131
Telephone: (305) 824-2400
Facsimile: (305) 468-6321
Email: sjp@padillalawoffice.com

10

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321